# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIO REYNA, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) Case No. ) |
| v. | ) ) Judge ) |
| PINK PINEAPPLE, LLC d/b/a CONCRETE COWBOY, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Mario Reyna ("Plaintiff"), on behalf of himself and all other persons similarly situated known and unknown, through his attorneys, for his Complaint against Defendant Pink Pineapple, LLC d/b/a Concrete Cowboy ("Defendant") states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendant's failure to pay overtime wages to Plaintiff and other similarly situated persons for all time worked in excess of forty (40) hours in individual work weeks.

2. In one or more work weeks during their employment by Defendant, Plaintiff worked more than forty (40) hours. In one or more of those weeks, Defendant did not pay Plaintiff at a rate of one-and-one-half times his regular rate of pay for all time he worked in excess of forty (40) hours per week.

3. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as a representative party plaintiff in this FLSA overtime

lawsuit is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

7. Plaintiff resides in and is domiciled within this judicial district.

8. In the prior three years, Plaintiff was employed by Defendant as an "employee" as defined by Section 3(d) of the IMWL, 820 ILCS 105/3 and Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

9. Defendant is an Illinois corporation doing business within this judicial district. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

10. During the last three years, Defendant's annual gross volume sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

11. Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and 820 ILCS 105/3 of the IMWL.

## FACTUAL BACKGROUND

12. Plaintiff worked for Defendant as a cook from approximately March 2017 to June

16, 2018.

      13.      Defendant paid Plaintiff on an hourly basis.

      14.      Defendant paid other similarly situated employees on an hourly basis.

      15.      During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. § 207.

      16.      During the course of his employment with Defendant, Plaintiff handled goods, including perishable food products and other supplies, which moved in and were produced in interstate commerce.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
**(Plaintiff on his own behalf and on behalf of similarly situated employees)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

      17.      This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff for all time he worked in excess of forty (40) hours per week.

      18.      In one or more individual work weeks during his employment by Defendant, Plaintiff worked in excess of forty (40) hours per week.

      19.      In one or more individual work weeks, Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours.

      20.      For example, for the pay period ending November 19, 2017, Plaintiff worked 101.00 hours. Plaintiff was paid his regular rate for all time worked during this pay period. See Exhibit B, attached hereto.

21. For the pay period ending March 11, 2018, Plaintiff worked a total of 95.50 hours. Plaintiff was paid his regular rate for all time worked during this pay period. See Exhibit C, attached hereto.

22. Other similarly situated hourly employees likewise performed non-exempt work for Defendant, but Defendant failed to pay them overtime wages for work performed in excess of forty (40) hours per week.

23. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

24. Pursuant to 29 U.S.C. § 207, for all weeks during which other similarly-situated hourly employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rates of pay.

25. Defendant's failure to pay overtime wages to Plaintiff for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

26. Defendant's failure to pay overtime wages to other similarly situated hourly employees for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Defendant's failure to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times the greater of the federal or Illinois minimum wage or Plaintiff's regular rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime

compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (Plaintiff individually only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

28. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

29. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

30. Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time he worked in excess of forty (40) hours per week.

31. During his employment with Defendant, Plaintiff worked in excess of forty (40) hours in one or more individual work weeks.

32. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

33. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. a judgment in the amount of one and one-half times the greater of the then-applicable Illinois minimum wage or their regular rate of pay for all hours in which Plaintiff worked in excess of forty (40) hours in individual work weeks;

B. interest equal to 2 percent of the amount of under-payment for each month following the date of under-payment, as provided for by 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in filing this action; and

D. such other and further relief as this Court deems appropriate and just.

                                  Respectfully submitted,

Dated: June 27, 2018                /s/Douglas M. Werman
                                       Douglas M. Werman—dwerman@flsalaw.com
                                       Maureen A. Salas—msalas@flsalaw.com
                                       Sarah J. Arendt—sarendt@flsalaw.com
                                       Werman Salas P.C.
                                       77 West Washington, Suite 1402
                                       Chicago, IL 60602
                                       (312) 419-1008

                                       Attorneys for Plaintiff